**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

STEVEN L. MAYFIELD,                                                                   PLAINTIFF
REG. #34545-077

V.                                        2:14CV00118-BSM-JJV

FCI-Forrest City                                                                      DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

Brian S. Miller.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.

If the objection is to a factual finding, specifically identify that finding and the evidence that

supports your objection.  An original and one copy of your objections must be received in the

office of the United States District Court Clerk no later than fourteen (14) days from the date

of the findings and recommendations.  The copy will be furnished to the opposing party.

Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The details of any testimony desired to be introduced at the hearing before theDistrict Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

## I.      INTRODUCTION

Plaintiff Steven Mayfield is a federal inmate confined at the Forrest City Federal Prison Camp.  He filed this *pro se* action, and after review,  the Court construed his claim as a federal civil rights action pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  There are fundamental differences between a § 1983 cause of action - where an inmate seeks money damages or injunctive relief from unconstitutional treatment - and a habeas action under 28 U.S.C. § 2241 or § 2254 - where an inmate seeks relief from an illegal or unconstitutional sentence. The United States Supreme Court in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), explained what constitutes a habeas action as opposed to a § 1983 claim.  Courts look to the substance of the relief sought in distinguishing habeas from § 1983 causes of action.  *Id.*  In the instant case, Mr. Mayfield seeks injunctive

or declaratory relief and money damages.  (Doc. No. 2 at 5.)  Therefore, the Court concludes

this matter is properly before the Court as a *Bivens* action.

## II.   SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised

claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief

may be granted; or (c) seek monetary relief from a defendant who is immune from such

relief.  28 U.S.C. § 1915A(b).  An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations

must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  But

after Mr. Mayfield all benefit of the doubt, the Court concludes his Complaint should be

dismissed for failure to state a claim upon which relief may be granted.

## III.   FACTS AND ANALYSIS

Plaintiff complains about a statement in his "institutional agency records," which

refers to the finding of a concealed weapon on his body during a pat search.  (Doc. No. 2 at

4.)  He claims the statement is false and is unsupported by proof such as the year, charge,

conviction, sentence, jail time or probation.  (*Id*.) Plaintiff asks the Court to remove this

statement and award damages because the data sheet on which it appears is used in placement

decisions within the Federal Bureau of Prisons (BOP) system. (*Id*. at 4-5.)

A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights. *Buford v. Runyon*, 160 F.3d 1199, 1203, n. 6 (8th Cir. 1998). "*Bivens* allows for a cause of action for damages against federal officials, not federal agencies, for certain constitutional violations." *Patel v. United States Bureau of Prisons*, 515 F.3d 807, 812 (8th Cir. 2008). Plaintiff's Complaint is against the Forrest City Federal Institutional Facility - a federal agency. (Doc. No. 2 at 1.) Accordingly, Plaintiff's case should be dismissed on this basis alone.

But even if Plaintiff filed this action against individual officials, there is no due process violation here. "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976) (quoted in *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), and *Sandin v. Conner*, 515 U.S. 472, 480 (1995)). Mr. Mayfield does not allege the statement in his file resulted in his assignment to a unit or institution where conditions subjected him to an "atypical and significant" hardship. Additionally, Congress has delegated to the BOP the authority to determine a prisoner's classification and place of confinement. *See* 28 C.F.R. § 0.96; BOP Program Statement 5100.08, Inmate Security Designation and Custody Classification. And a prisoner possesses no liberty interest in a particular custody level or place of confinement. *See, e.g., Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Hewitt*, 459 U.S. at 466-67; *Moody v.*

*Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Meachum v. Fano*, 427 U.S. 215, 224-25, (1976); *Montanye*, 427 U.S. at 242.  Accordingly, no liberty interest attached to Mr. Mayfield when the entry was made into his prison record, and his Complaint should be dismissed for failing to  plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

It appears Mr. Mayfield should address this issue with prison officials through use of available administrative processes.  Although the Court is sympathetic to issues of prison placement, this matter fails to amount to a constitutional issue.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiff's Complaint against Defendant be DISMISSED without prejudice for failure to state a claim.

2.     Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.     The Court certify that an *in forma pauperis* appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 9th day of October, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.